

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

OCT 14 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

ANDRES REYNA-MARES, JR., §
§
Movant, §
§
VS. § NO. 4:14-CV-689-A
§ (NO. 4:11-CR-149-A)
UNITED STATES OF AMERICA, §
§
Respondent. §

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Before the court for consideration and decision is the
motion filed by Andres Reyna-Mares, Jr. ("movant") on August 21,
2014, under 28 U.S.C. § 2255 to vacate, set aside, or correct
sentence by a person in federal custody. After having considered
such motion, its supporting memorandum, the supplement thereto,
the response of United States of America, the record in Case No.
4:11-CR-149-A, and pertinent legal authorities, the court has
concluded that such motion lacks merit and all relief sought
thereby should be denied.

I.

<u>Pertinent Background</u>

On October 12, 2011, a one-count indictment was filed in
Case No. 4:11-CR-149-A charging movant with illegal reentry after
deportation. At that time movant was being represented by the

Office of the Federal Public Defender for the Northern District of Texas ("Public Defender"). Danny D. Burns ("Burns") was appointed to replace the Public Defender as movant's counsel on November 18, 2011, because of a conflict of interest the Public Defender had developed by reason of cooperation movant had provided, or tendered to provide, to the government against another client of the Public Defender. Movant pleaded guilty to the offense charged by the indictment on December 8, 2011, without the benefit of a plea agreement. He was sentenced on April 6, 2012, to a term of imprisonment of fifty-seven months, a term of supervised release of three years to commence upon movant's release from prison, and an obligation to pay a special assessment of $100.00.

Movant filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit. Burns continued to be movant's attorney on appeal. Burns filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), and United States v. Flores, 632 F.3d 229 (5th Cir. 2011). After having reviewed the brief and relevant portions of the record, as well as movant's response, the Fifth Circuit concurred with Burns's assessment that movant's appeal presented no non-frivolous issue with appellate review. The appeal was dismissed.

Movant filed his § 2255 motion, on a form titled "Petition Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," on August 21, 2014.  It was accompanied by a supporting memorandum.  The grounds raised by the motion are stated on the index page of the memorandum as follows:

GROUND ONE

COUNSEL RENDERED INEFFECTIVE IN FAILING TO OBJECT TO THE COURT FAILURE TO STATE SUFFICIENT REASONS FOR SENTENCING PETITIONER AT THE VERY TOP OF THE SENTENCING GUIDELINE RANG WITH NOT EXPLANATION.

GROUND TWO

WHRE COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO THE COURT TO REQUEST DOWNWARD DEPARTURE FOR THE ASSISTANCE WITH THE GOVERNMENT

Mem. at i. (errors in original).

II.

Analysis

A.   Applicable Standards

1.   Pertinent § 2255 Principles

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted.  United States v. Frady, 456 U.S.

3

152, 164 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32

(5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1076 (1992).  A defendant

can challenge her conviction or sentence after it is presumed

final on issues of constitutional or jurisdictional magnitude

only, and may not raise an issue for the first time on collateral

review without showing both "cause" for her procedural default

and "actual prejudice" resulting from the errors.  <u>Shaid</u>, 937

F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial

errors.  It is reserved for transgressions of constitutional

rights and other narrow injuries that could not have been raised

on direct appeal and would, if condoned, result in a complete

miscarriage of justice.  <u>United States v. Capua</u>, 656 F.2d 1033,

1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of

habeas corpus will not be allowed to do service for an appeal.

<u>Davis v. United States</u>, 417 U.S. 333, 345 (1974).  Further, if

issues "are raised and considered on direct appeal, a defendant

is thereafter precluded from urging the same issues in a later

collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441

(5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515,

517-18 (5th Cir. 1978)).

2.  Principles Applicable to Ineffective Assistance of
    Counsel Grounds

To prevail on an ineffective assistance of counsel claim,
movant must show (1) that counsel's performance fell below an
objective standard of reasonableness and (2) that there is a
reasonable probability that, but for his counsel's unprofessional
errors, the result of the proceedings would have been different.
Strickland v. Washington, 466 U.S. 668, 687 (1984).  Both prongs
of the Strickland test must be met to demonstrate ineffective
assistance.  Id. at 697.  Further, "[a] court need not address
both components of an ineffective assistance of counsel claim if
the movant makes an insufficient showing on one."  United States
v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood
of a different result must be substantial, not just conceivable,"
Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant
must prove that counsel's errors "so undermined the proper
functioning of the adversarial process that the trial cannot be
relied on as having produced a just result."  Cullen v.
Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466
U.S. at 686).  Judicial scrutiny of this type of claim must be
highly deferential and the defendant must overcome a strong
presumption that his counsel's conduct falls within the wide

5

range of reasonable professional assistance.   <u>Strickland</u>, 466
U.S. at 689.

B.    <u>Neither of Movant's Grounds Has Merit</u>

    1.    <u>The Lack of Merit of Ground One</u>

    The record of movant's criminal trial discloses that his
counsel, Burns, aggressively sought a sentence for movant below
the bottom of the advisory guideline range.   He filed a motion on
behalf of movant seeking a sentence below the bottom of the
advisory guideline range based on cooperation movant had provided
to the government.   Case No. 4:11-CR-149-A, Doc. 34.   That motion
was considered and rejected at the sentencing hearing.   The
record of the sentencing hearing discloses that the court took
all pertinent factors into account in determining that movant
should receive a term of imprisonment of fifty-seven months,
which was at the top of his advisory guideline range.   <u>Id.</u>, Doc.
46 at 19-22.   If Burns had objected on the ground that the court
failed to state sufficient reasons for sentencing movant at the
top of the advisory guideline range without explanation, such an
objection would have been without merit.   Burns cannot be found
to have been ineffective by reason of a failure to make a
meritless objection.   <u>See</u> <u>United States v. Kimler</u>, 167 F.3d 889,
893 (5th Cir. 1999).   Therefore, movant's Ground One is without
merit.

2.   <u>The Lack of Merit of Ground Two</u>

Even though movant had no right to move for a sentence below the bottom of the guideline range based on substantial assistance to the government in the investigation and prosecution of the criminal conduct of another person, Burns nevertheless sought on behalf of movant for a sentence below the bottom of the guideline range based on assistance movant provided to the government.  The government responded to the motion for downward departure filed by Burns on behalf of movant that the government did not consider that movant's cooperation was helpful to the government.  Case No. 4:11-CR-149-A, Doc. 35 at 1-2.  The government opposed the request Burns made on behalf of movant that there be a downward departure based on movant's assistance.  No reasonable attorney could have done more than Burns did to gain a benefit for movant for whatever assistance he provided to the government.  Therefore, movant's Ground Two lacks merit.

III.

<u>Order</u>

For the reasons given above,

The court ORDERS that all relief sought by movant in his August 21, 2014 motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody be, and is hereby, denied.

7

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 14, 2014.

JOHN McBRYDE
United States District Judge